CINTAS CORPORATION, Cintas Corporation No. 2, Cintas Corporation No. 3, Cintas Holdings LLC, Plaintiffs–Appellants,

v.

UNITE HERE, Change to Win, International Brotherhood of Teamsters, Bruce Raynor, Ahmer Qadeer, Keith Mestrich, Elizabeth Gres, Peter Demay, Katie Unger, Stefan Antonowicz, Does 1 Through 100, Defendants–Appellees.

No. 09–1287–cv.

United States Court of Appeals, Second Circuit.

Dec. 8, 2009.

Jonathan M. Wagner, Kramer, Levin, Naftalis & Frankel LLP, New York, N.Y. (George R. Blakey, Notre Dame Law School, Notre Dame, IN, and Gregory M. Utter and Jamie M. Ramsey, Keating Muething & Klekamp PLL, Cincinnati, OH, on the brief), for Appellants.

Andrew Roth, Bredhoff & Kaiser, P.L.L.C., Washington, DC (Robert Weinberg and Laurance Gold, Bredhoff & Kaiser, P.L.L.C., Washington, DC; Tobin J. Romero and Jonathan B. Pitt, Williams & Connolly LLP, Washington, D.C.; and Irwin Rochman, Tesser, Ryan & Rochman, LLP, New York, NY, on the brief), for Appellees.

PRESENT: JOSÉ A. CABRANES, ROBERT D. SACK, Circuit Judges, PAUL A. CROTTY, District Judge.*

### SUMMARY ORDER

Plaintiffs-appellants Cintas Corporation, Cintas Corporation No. 2, Cintas Corporation No. 3, and Cintas Holdings LLC (collectively "plaintiffs" or "Cintas") appeal from a March 10, 2009 judgment of the United States District Court for the Southern District of New York entered after the District Court dismissed this action under Federal Rule of Civil Procedure 12(b)(6). *See Cintas Corp. v. Unite Here*, 601 F.Supp.2d 571 (S.D.N.Y.2009).

Cintas, which is "the largest uniform supplier in North America," *id.* at 574,

---

* The Honorable Paul A. Crotty, of the United States District Court for the Southern District of New York, sitting by designation.

brought this action against defendants, which are unions and individuals associated with unions that wish to represent Cintas employees, in response to defendants' alleged " 'Corporate Campaign' " against Cintas in which defendants seek from Cintas a " 'card-check/neutrality agreement' requiring Cintas to recognize [defendants] as the employees' bargaining agents, if the unions can obtain cards signed by a majority of eligible workers stating a desire to join a union." *Id.* at 575.

Cintas alleges that the " 'Corporate Campaign' " has included efforts to "[f]alsely portray[ ] Cintas as a company with 'a long history of anti-unionism' that 'bullies, harasses, intimidates and terminates workers who want to join unions' . . . [and] as a company bent on racist, sexist, and illegal acts.' " *Id.* (quoting complaint). Cintas further alleges that defendants operate a website entitled "Cintas Exposed" (www.cintasexposed.com) that uses Cintas's trademark and that "encourages Cintas's customers to 'check their weekly invoices, object to unauthorized products and services, demand notification of changes in products and services, refuse so-called trial products and services, and to know your contact.' " *Id.* at 575 (quoting complaint) (internal quotation marks omitted). Plaintiffs allege that there are links on the "Cintas Exposed" website to union merchandise such as "t-shirts, pins and other sundry items." *Id.* at 545–46, 580.

Cintas asserts civil RICO claims, *see* 18 U.S.C. § 1962, predicated on defendants' alleged violations of the Hobbs Act, *see id.* § 1951, the Travel Act, *see id.* § 1952, and Ohio state extortion law. Cintas also asserts Lanham Act claims of trademark infringement, unfair competition, and trademark dilution, *see* 15 U.S.C. §§ 1114, 1125(c), and a claim of "cybersquatting," *see id.* § 1125(d).

■ The District Court held that plaintiffs' "sprawling 334 paragraph amended complaint" failed to allege an actionable civil RICO claim because it failed to allege RICO predicate acts. *Cintas,* 601 F.Supp.2d at 574, 577–78. The District Court concluded that Cintas had failed to allege predicate acts under the Hobbs Act because "Cintas would receive some benefit from a card-check/neutrality agreement" and because "Cintas does not have a right to operate free from any criticism, organized or otherwise." *Id.* at 577–78 (citing *United States v. Clemente,* 640 F.2d 1069, 1077 (2d Cir.1981); *Viacom Int'l, Inc. v. Icahn,* 747 F.Supp. 205, 213 (S.D.N.Y.1990)). The District Court concluded that Cintas had failed to allege predicate acts under the Travel Act and Ohio law because any differences between those predicate acts and the Hobbs Act predicate acts were "immaterial." *Id.* at 578.

■ The District Court held that the complaint failed to state a Lanham Act claim of trademark infringement because plaintiffs' allegations were insufficient to assert a plausible claim that " 'defendant's use of [Cintas's] mark is likely to cause confusion as to the affiliation, connection, or association of defendant with plaintiff, or as to the origin, sponsorship, or approval of the defendant's goods, services, or commercial activities by plaintiff.' " *Cintas,* 601 F.Supp.2d at 578 (quoting *1–800 Contacts, Inc. v. WhenU.Com, Inc.,* 414 F.3d 400, 406–07 (2d Cir.2005)). In addition, the District Court held that the complaint failed to state a claim of trademark dilution because plaintiffs' allegations were insufficient to assert a plausible claim that defendants were "making commercial use of the mark in commerce." *Id.* at 580 (citing *Savin Corp. v. The Savin Group,* 391 F.3d 439, 448–49 (2d Cir.2004)). Fi-

nally, the District Court held that the complaint did not state a claim of cybersquatting because plaintiffs failed to allege adequately that defendants registered the domain name in question with a " 'bad faith intent to profit' " from the name. *Id.* (quoting 15 U.S.C. § 1125(d)). Lastly, the District Court declined to exercise supplemental jurisdiction over plaintiffs' remaining state law claims. *Id.* at 581.

On appeal, plaintiffs argue that the District Court erred as a matter of law in dismissing plaintiffs' claims because the District Court failed to accept as true allegations set forth in the complaint that, in plaintiffs' view, establish that plaintiffs have adequately pleaded civil RICO and Lanham Act claims.

We review *de novo* a district court's dismissal of a complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *See, e.g., Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152 (2d Cir.2002). Undertaking that review, we affirm for substantially the reasons stated in the District Court's opinion.

**CONCLUSION**

The March 10, 2009 judgment of the District Court is **AFFIRMED**.